IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENNIE DEE DAIVIS, #120206, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:19-CV-674-ALB |
| | ) |
| OFFICER MURRAY, | ) |
| | ) |
|     Defendant. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Glennie Dee Davis, a state inmate and frequent federal litigant currently incarcerated at the Staton Correctional Facility, on July 22, 2019.[1]  In the instant complaint, Davis alleges that Officer Murray pushed him and sprayed him with a chemical agent on July 12, 2019. Doc. 1 at 4–5.  Davis asserts the force used by Officer Murray was without reason or justification.  Doc. 1 at 5.  Finally, Davis alleges "no medical care was ordered" for treatment of the temporary effects the chemical agent had on him.  Doc. 1 at 5.

Attached to the complaint is a document Davis prepared and sent to the warden of Staton, Joseph Headley, challenging the use of force referenced in the instant complaint.

---

[1] The complaint was initially filed with the United States District Court for the Southern District of Alabama and received by that court on August 5, 2019.  Davis, however, executed the complaint on July 22, 2019.  Doc. 1 at 8. Thus, this is the earliest date he could have placed the complaint in the prison mail system.  A pro se inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court.  *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The court therefore considers July 22, 2019 as the date of filing.

Doc. 1-1. In his response, Warden Headley stated that Davis was "under the influence [of drugs] and assaulted a nurse in the medical unit. A 'use of force' investigation was done and concluded, that 'the force was justified.'" Doc. 1-1 at 4. Davis challenges the veracity of the warden's response. Doc. 1-1 at 4.

## II. DISCUSSION

Upon initiation of this case, Davis filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. 2. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a "serious physical injury" at the time he filed the complaint must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims summarily dismissed under 28 U.S.C. § 1915(d) prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause. *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

"The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status." *Id*.

The records of the federal courts of this state establish that Davis, while incarcerated or detained, has on at least three occasions had civil actions summarily dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted. The cases on which this court relies in finding a § 1915(g) violation by Davis are as follows: (1) *Davis v. Correctional Medical Services, et al.*, Case No. 4:08-CV-1908-KOB-PWG (N.D. Ala. Jan. 8, 2009); (2) *Davis v. CMS Medical Services*, Case No. 2:99-CV-1790-RBP-HGD (N.D. Ala. July 20, 1999); (3) *Davis v. Spann*, Case No. 2:97-CV-3000-WMA-PWG (N.D. Ala. Feb. 13, 1998); (4) *Davis v. Hatchett, et al..*, Case No. 2:96-CV-395-MHT-CSC (M.D. Ala. April 3, 1996); (5) *Davis v. Lewis, et al.*, Case No. 2:96-CV-17-WHA-CSC (M.D. Ala. Jan. 31, 1996); and (6) *Davis v. Thigpen*, *et al.*, Case No. 2:92-CV-1106-WHA-CSC (M.D. Ala. Oct. 1, 1992).[3]

Since Davis has at least six strikes, he may not proceed *in forma pauperis* in this case unless the claims raised in the complaint demonstrate that he was "under imminent danger of serious physical injury" upon initiation of this case. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387

---

[3]Davis concedes he has "three or more" civil actions which were summarily "dismissed years ago" which qualify as strikes under 28 U.S.C. § 1915(g) but makes the conclusory and unsupported allegation that he is "under imminent threat of danger, and, serious physical injury" such that he should be permitted to proceed *in forma pauperis* in this case. Doc. 1 at 8.

3

F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of *present imminent danger* indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (finding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts contained in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Upon thorough review of the complaint and in accordance with applicable federal law, the court finds that the claims set forth in the complaint challenging a use of force against Davis on July 12, 2019 and his purely conclusory allegation of imminent danger do not in any way indicate Davis was actually "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts

sufficient to demonstrate "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

Based on the foregoing analysis, the court concludes that this case is due to be summarily dismissed without prejudice as Davis failed to pay the requisite filing fee upon the initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates the suit.").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for leave to proceed *in forma pauperis* filed by Glennie Dee Davis (Doc. 2) be DENIED.

2.  This case be DISMISSED without prejudice for Davis' failure to pay the full filing fee upon the initiation of this case.

On or before **October 1, 2019**, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of September, 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE